IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SCOTT, #330823                    *

Petitioner                                *

v                                         *     Civil Action No. WMN-15-1826

DAVID BLUMBERG, Chairman                  *
SUSAN FISHER, Warden
                                          *
Respondents
                                        ***

## MEMORANDUM

Pending is Michael Scott's Petition for Writ of Habeas Corpus, challenging his detention based on a Maryland parole retake warrant. Respondents David Blumburg, Chairman of the Maryland Parole Commission, and Suzanne Fisher, former Warden of the Maryland, Reception, Diagnostic, and Classification Center,[1] by their counsel, have filed an answer seeking dismissal of the Petition for lack of exhaustion.[2]

After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, this Court will dismiss the Petition without prejudice for lack of exhaustion.

## BACKGROUND

Scott is a self-represented prisoner in the custody of the Maryland Division of Correction ("DOC"). On June 22, 2015, Scott filed this Petition under 28 U.S.C. § 2241, claiming that the Maryland Parole Commission is violating his constitutional rights by failing to conduct a timely

---

[1] Casey Campbell is presently Acting Warden at the facility. *See* http://www.dpscs.state.md.us/ locations/mrdcc. Fed. R. Civ. P. 25(d) provides that an action does not abate when a public officer who is a party in an official capacity ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.

[2] Scott also filed a Motion to Proceed in Forma Pauperis (ECF 2) which will be granted.

hearing to determine whether he violated the conditions of his mandatory supervision release.[3]

On August 6, 2015, Respondents filed their Answer with exhibits, including a copy of the electronic docket obtained from the Maryland Judiciary Case Search website. (ECF 5-1). The electronic docket shows that Scott has not filed a habeas corpus petition in state court since his return to custody. Scott has not filed a reply or otherwise disputed this information. The electronic docket also shows that on July 31, 2015, Parole Commissioner Sfikas revoked Scott's mandatory supervision release. (ECF 5-2).[4] The DOC recalculated Scott's sentences to take into account the parole revocation. *Id.* Scott's current release date is March 10, 2017. (ECF 5- 3).

## DISCUSSION

Respondents seek to dismiss the petition based on Petitioner's failure to exhaust available state court remedies. Pursuant to the exhaustion requirement codified in 28 U.S.C. § 2254(b) and (c), and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must initially present each of his claims to the state court with jurisdiction to consider them. *Gray v. Netherland*, 518 U.S. 152, 161–65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). In order for a state prisoner to satisfy the exhaustion requirement, he or she must "fairly present" the "claim in each appropriate state court...." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

---

[3] There is some dispute among the federal circuits as to whether a prisoner in custody pursuant to a state court judgment may bring a § 2241 petition in federal court, or whether such a prisoner must solely rely on § 2254 for habeas relief *See e.g. Gonzalez–Fuentes v. Molina*, 607 F.3d 864, 876 n. 9 (1st Cir. 2010) (recognizing circuit split on issue); *Gregory v. Coleman*, 218 F. App'x 266, 267 n.* (4th Cir. 2007) (same); *Gutierrez v. Florida State*, PWG-13-35, 2013 WL 264533 at 1 n. 8 (D. Md. January 18, 2013); *Hillberry v. Ballard*, No. 2:13–cv–21893, 2014 WL 7161012, at *5 (S.D.W.Va. Dec. 15, 2014) (same); *Gregory v.. McBride*, No. 5:02–00472, slip op. at 8–9 (S.D.W.Va. Sept. 29, 2005) (same). In either case, both § 2241 and § 2254 require exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b); "Rules Governing Section 2254 Cases in the United States District Courts," Rules 1 and 5(stating district courts may apply these rules to habeas petitions in addition to those under § 2255 and discussing exhaustion); *see also Francis v. Henderson*, 425 U. S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the order administration of criminal justice require a court to forego the exercise of its habeas power."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–491 (1973) (exhaustion required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Timmons v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a 2241 petition challenging civil commitment).

[4] Arguably, Scott's claim has been rendered moot.

If a federal habeas petition presents both exhausted and unexhausted claims and state court review is available, the petition must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Respondents assert that because Scott did not seek state court review of his claim, his claims are unexhausted. Scott provides no information to show his claim has been exhausted or dispute Respondents' exhibits. Consequently, the Petition is subject to dismissal for failure to exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability issues only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The Court has reviewed the Petition, the record, and the applicable case law and determines that Scot has failed to make the requisite showing.

## CONCLUSION

For the foregoing reasons, the Petition will be dismissed without prejudice for lack of exhaustion by separate Order. A Certificate of Appealability shall not issue.

                                              /s/
                              William M. Nickerson
                              Senior United States District Judge

DATED: September 21, 2015